UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| VIVIAN D. BANKS, | ) | |
| Plaintiff, | ) | |
| v. | ) | CV-04-1545 (RCL) |
| DISTRICT OF COLUMBIA, | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

Before the court is defendant District of Columbia's ("District") motion to dismiss or, in the alternative, for summary judgment. The District moves to dismiss plaintiff Banks' complaint on the grounds that Banks failed to state a claim upon which relief could be granted.

The District's motion is based on four separate grounds, 1) defendant Department of Mental Health is *non sui juris* and not a proper party to the law suit; 2) plaintiff failed to exhaust administrative remedies by not timely filing her discrimination charge; 3) plaintiff has not alleged race discrimination to support her 42 U.S.C. § 1981 claim; and 4) plaintiff has failed to allege the necessary custom, policy, and/or practice for municipal liability under 42 U.S.C. § 1983.

Parts one and three of the motion to dismiss are moot. The plaintiff filed an amended complaint withdrawing her claims against the Department of Mental Health and the § 1981 claim against both defendants.

The court will now consider parts two and four of the motion.

1

I. BACKGROUND

On December 14, 2001 at St. Elizabeth's Hospital, which is run by the District of Columbia Dept. of Mental Health, a patient attacked a nurse with a knife. Banks is a nurse who was stationed on the floor where the incident occurred. The District proposed to terminate Banks for negligence. After an internal hearing, the hearing officer recommended that the penalty be reduced to a reprimand in a decision dated August 22, 2002.

On June 13, 2003, Ms. Knisley, Director for the D.C. Dept. of Mental Health, decided to suspend Banks for nine days without pay. Banks alleges that Ms. Knisley's decision was based on a policy of discrimination that favors the young over the old and men over women, which is evidenced by Ms. Knisley not disciplining younger male co-workers who engaged in similar conduct.

Banks alleges filing a discrimination charge with the D.C. Human Rights Commission ("OHR") on February 3, 2004, which is 235 days after June 13, 2003. After filing with OHR, Banks filed a discrimination charge with the Equal Employment Opportunity Commission ("EEOC").

II. STANDARD OF REVIEW

The defendant filed a motion to dismiss, or in the alternative, for summary judgment. First, the standard of review for a motion to dismiss for failure to state a claim upon which relief can be granted (Rule 12(b)(6)) is discussed. Second, the standard of review for a motion for summary judgment is discussed.

A. Rule 12(b)(6) Standard

A motion to dismiss under the Fed. R. Civ. P. 12(b)(6) tests whether a plaintiff has

properly stated a claim upon which relief can be granted. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800 (1982). The explicit language of Fed. R. Civ. P. 8(a)(2) provides that the complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief..." *See also Conley v. Gibson*, 355 U.S. 41, 47 (1957); *U.S. ex. rel. Harris v. Bernad*, 275 F. Supp. 2d 1, 5 (D.D.C. 2003). The complaint need not plead the elements of a prima facie case. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511-14 (2002) (holding that a complainant in an employment discrimination case need not plead the *prima facie* elements); *see also Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1114 (D.C. Cir. 2000). In deciding a motion to dismiss under Rule 12(b)(6), the court is bound to consider all well-pleaded facts as true, and to draw all reasonable inferences in favor of the nonmovant. *Scheuer*, 416 U.S. at 236; *Bernad*, 275 F. Supp. 2d at 5. Therefore "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." *Conley*, 355 U.S. at 45-46.

B.      Summary Judgment Standard

Under Fed. R. Civ. P. 56, a court must grant summary judgment when the pleadings, affidavits, depositions, answers to interrogatories, and admissions of record demonstrate that there is no genuine issue of material fact and that the moving party is entitled to summary judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the court determines that a jury could find in favor of the non-moving party on an issue of material fact, then the disputed issue is

genuine and therefore precludes summary judgment. *Anderson*, 477 U.S. at 248. However, even where a genuine issue of material fact exists, the movant is entitled to summary judgment against "a party who fails to make a showing sufficient to establish the existence of an essential element to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

As a general rule, when adjudicating a motion for summary judgment, the court must "assume the truth of all statements proffered by the party opposing summary judgment" and construe all evidence in favor of the non-moving party. *Greene v. Dalton*, 164 F.3d 671, 675 (D.C. Cir. 1999); *see Anderson*, 477 U.S. at 255; *Carter v. Greenspan*, 304 F. Supp. 2d 13, 21 (D.D.C. 2004). The court must "draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *see also Wash. Post Co. v. United States Dep't of Health & Human Servs.*, 865 F.2d 320, 325 (D.C. Cir. 1989). However, "wholly conclusory statements for which no supporting evidence is offered" need not be taken as true for summary judgment purposes. *Carter*, 304 F. Supp. 2d at 21 (citing *Greene*, 164 F.3d at 674-75).

The non-moving party must establish more than a "mere existence of a scintilla of evidence" in support of its claims to defeat a motion for summary judgment. *Anderson*, 477 U.S. at 252. In order to prevail, the non-movant's opposition must contain more that "unsupported allegations or denials and must be supported by affidavits or other competent evidence setting forth specific facts showing that there is a genuine issue for trial." *Carter*, 304 F. Supp. 2d at 21; *see* Fed. R. Civ. P. 56(e); *Celotex*, 477 U.S. at 324. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50.

Summary judgement may be granted where the movant points to a substantial lack of evidence in the non-movant's case; see *Celotex*, 477 U.S. at 322; or where the movant demonstrates the non-movant's failure to proffer "evidence on which the jury could reasonable find for" the non-moving party. *Anderson*, 477 U.S. at 252.

III.    TIMELY FILING OF DISCRIMINATION CHARGE

The District's motion for failure to state a claim for which relief can be granted based on untimely filing with the EEOC has been converted to a motion for summary judgment because both the movant and the non-movant have submitted evidence with their respective briefs. *See* Fed. R. Civ. P. 12(b).

The District's motion will be denied. The plaintiff alleges filing a discrimination claim with OHR before filing with the EEOC. The applicable statute to determine if Banks has timely filed her discrimination charge is 42 U.S.C. § 2000e-5 (e) (1) (2000), which reads as follows:

> A charge under this section shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred and notice of the charge . . . shall be served upon the person against whom the charge is made within ten days thereafter, *except that in a case of an unlawful employment practice with respect to which the person aggrieved has initially instituted proceedings with a State or local agency* with authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, such charge shall be filed by or on behalf of the person aggrieved within *three hundred days* after the alleged unlawful employment practice occurred, or within *thirty days* after receiving notice that the State or local agency has terminated

> proceedings under the State or local law, whichever is earlier, and a copy of such charge shall be filed by the Commission with the State or local agency.

42 U.S.C. § 2000e-5 (e) (1) (2000) (emphasis provided). "[T]he District of Columbia is a deferral jurisdiction for purposes of processing discrimination complaints." *Palmer v. Barry*, 894 F.2d 449, 451 n.2 (D.C. Cir. 1990). The OHR is the local agency that manages employment discrimination claims. *Id.* (citing 29 CFR § 1601.74 (1989)). A complainant in a deferral jurisdiction "need only file [her] charge within 240 days of the alleged discriminatory employment practice in order to insure that [her] federal rights will be preserved." *Mohasco Corp. v. Silver*, 447 U.S. 807, 815 n.16 (1980) (interpreting § 2000e-5 (e) (1)) . The complainant must file by day 240 to allow the 60 day deferral period of 42 U.S.C. § 2000e-5 (c) to pass. *See Id.* When a complainant files with the EEOC before the end of the deferral period, the EEOC will wait till the termination of local proceedings or the end of the deferral period before taking concurrent jurisdiction. *See Love v. Pullman Co.*, 404 U.S. 522, 526 (1972). OHR has chosen to waive its right to exclusive jurisdiction over Title VII cases during the 60-day deferral period. *See Fowler v. District of Columbia*, 122 F. Supp. 2d 37, 42 (D.D.C. 2000).

The District relies on *Kocian v. Getty Refining & Marketing Co.*, 707 F.2d 748 (3rd Cir. 1983). In *Kocian*, the employee never filed her discrimination charge with the local agency. *Kocian v. Getty Refining & Marketing Co.*, 707 F.2d 748, 751 (3rd Cir. 1983) *superceded on another matter by* 29 C.F.R. § 1601.13(a)(4) (replaced the EEOC regulation applied in the case). Since the employee never filed with the local agency, the employee only had 180 days to file with the EEOC. *Id.* at 752. If the employee had filed with the local agency she would have had 300 days to file with the EEOC. *Id.* *Kocian* has no holding on when the filing with the local agency

needs to take place; *Kocian* only holds that the employee must file with the local agency to be eligible for the 300 day statute of limitations for filing with the EEOC. *See Id.* The Supreme Court specifically rejected the idea that the employee needs to file with the local agency within 180 days to preserve her federal right in a deferral state by rejecting *Olson v. Rembrant Printing Co.*, 511 F.2d 1228 (8th Cir. 1975). *Mohasco*, 447 U.S. at 815 n. 16 ("[W]e believe that the restrictive approach exemplified by *Olson*, is not supported by the statute.") ("*Olson* held that in order to preserve [her] rights under Title VII, a complainant must under all circumstances initially file [her] charge with either a state fair employment practices agency or the EEOC within 180 days of the discriminatory occurrence.").

The District claims that Banks did not file her claim with a local agency before filing with the EEOC, thus she is not entitled to the 300 day deadline. The District's evidence is an EEOC discrimination charge dated March 18, 2004. (Def.'s Mot. Ex. A.) Banks claims that she filed with the OHR before filing with the EEOC. (*See* Pl.'s Opp'n Decl. of Vivian Banks.) The plaintiff has submitted a copy of the charge she submitted to the OHR, which shows that she filed with the OHR on February 3, 2004 (Pl.'s Opp'n Ex. 1), and a letter from the OHR acknowledging the receipt of her discrimination charge (Pl.'s Opp'n Ex. 2). Banks also submitted a stamp dated copy of the discrimination charge she filed with the EEOC, which shows that she filed with the EEOC on February 3, 2004. (Pl.'s Errata Ex. 1.)

The District's contention that Banks did not file with the OHR is a wholly conclusory claim that is unsupported by evidence. The District has not contested the validity of the evidence that Banks submitted. The court will consider the evidence that shows Banks filing with the OHR as an uncontested fact for the purposes of this motion.

The District and Banks are in conflict over which day Banks filed with the EEOC, February 3, 2004 or March 18, 2004.  This conflict is not material because either day would have Banks filing with the EEOC after filing with the OHR and before the 300 day deadline.[1]

Since Banks filed with the OHR before filing with the EEOC, she is allowed 300 days to file with the EEOC under § 2000e-5 (e) (1).  The filing with the EEOC takes effect on the day it is filed with the EEOC because the OHR has waived its right to exclusive jurisdiction during the deferral period.  Since the filing with the EEOC was before day 300, Banks timely filed with the EEOC.

The undisputed facts show that Banks timely filed with the EEOC, thus the District's motion for summary judgment is denied.

IV.     MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

Neither the movant nor the non-movant has submitted evidence outside of the pleadings with respect to the § 1983 claim, thus the motion to dismiss for failure to state a claim is not converted into a motion for summary judgment.  *See* Fed. R. Civ. P. 12(b).

The District is liable for the policy decisions of Ms. Knisley because she is a final policy-maker for the District of Columbia Department of Mental Health.  "Under § 1983, a municipality is liable [] only for constitutional torts arising from 'action pursuant to official municipal policy.' " *Triplett v. District of Columbia*, 108 F.3d 1450, 1453 (D.C. Cir. 1997) (quoting *Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 691 (1978)).  A person's actions may constitute official municipal policy if the person has " 'final policy making authority [under] state law.' " *Triplett*, 108 F.3d at 1453 (quoting *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 737 (1989)).

---

[1] March 18, 2004 is 279 days after June 13, 2003.

The Director of the Dept. of Mental Health is responsible for the administration of the Dept. of Mental Health by exercising necessary and appropriate power; making personnel decisions; establishing a system of care for patients; planning the delivery of mental health services; enforcing rules and regulations; and contracting on behalf of the Dept. of Mental Health. *See* D.C. Code § 7-1131.05 (2001).

In *Triplett*, a prisoner of the District of Columbia Dept. of Corrections sued the District of Columbia for injuries inflicted by two D.C. correctional officers. *Triplett*, 108 F.3d at 1451. The Circuit Court found that one of the final policy-makers was the Director of the D.C. Dept of Corrections because he was responsible for "the general direction and supervision" of the Department. *Id.* at 1453 (quoting D.C. Code §24-442 (1981)).

Banks alleges that Ms. Knisley's decision to fire her was a violation of Banks' rights to equal protection and due process and that the decision was based on Ms. Knisley's policy of discrimination. The District is only liable under § 1983 for the actions of Ms. Knisley if she is a final-policy maker for the Dept. of Mental Health. Ms. Knisley is the Director for Dept. of Mental Health, which makes her responsible for the administration of the Dept. of Mental Health, and one of her specific responsibilities is hiring and terminating personnel. Ms. Knisley's vast responsibilities and expansive authority shows that she is a final policy-maker for the Dept. of Mental Health. This is directly like *Triplett*, because in both *Triplett* and the instant case the Directors are responsible for promulgating rules to run their respective departments.

Since Ms. Knisley is the Director of the Dept. of Mental Health, she is a final policy-maker. Thus, the District is liable under 42 U.S.C. § 1983 for Ms. Knisley's policy decisions.

V. CONCLUSION

  For the foregoing reasons, the court will deny the defendant's motion to dismiss and motion for summary judgment. A separate Order consistent with this Memorandum Opinion shall issue this date.


Signed by Royce C. Lamberth, United States District Judge, July 8, 2005.